ALLEN, Judge.
The employer appeals a workers’ compensation order by which the presumption in section 112.18(1), Florida Statutes, was applied and the claimant was awarded workers’ compensation benefits. Because the claimant did not demonstrate that he is one of the specified firemen within the ambit of section 112.18(1), the statutory presumption should not have been applied.
The claimant was a fireman employed by the State of Florida, Department of Corrections, at the Avon Park Correctional Institution. He terminated this employment upon the advice of his physician and sought workers’ compensation benefits after developing severe cardiovascular problems. The matter proceeded to a hearing and the claimant asserted that he is entitled to the presumption in section 112.18(1), which provides:
Any condition or impairment of health of any Florida municipal, county, port authority, special tax district or fire control district fireman caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence....
In awarding benefits, the judge relied on the Industrial Relations Commission decision in State of Florida, Department of Agriculture, Division of Forestry v. Stanford, Cl. No. 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 (October 10, 1978), cert. denied 375 So.2d 912 (Fla.1979), and suggested that the entire state may be considered a fire control district under section 112.18(1). Stanford involved an application of section 112.18(1), but the opinion merely recites several issues and notes that the appellants “failed to demonstrate reversible error.” The Stanford decision does not establish that the entire state is a fire control district.
The legislature has used the term “fire control district” in various enactments. Chapter 379, Florida Statutes (1965), identified one fire control district when section 112.18(1) was first adopted. The Laws of Florida contain numerous special acts relating to other fire control districts. Over a dozen such acts can be found in the 1965 Laws, and more recent Laws also contain such provisions. These acts generally confer power and authority in furtherance of fire control activities within defined geographical boundaries. See e.g., ch. 90-459, Laws of Fla.; ch. 65-1342, Laws of Fla. The reference to fire control districts in section 112.18(1) should be construed in connection with these enactments.
The claimant did not show that he is a fireman for a “fire control district” as that term has been used by the legislature in the Florida Statutes and the Laws of Florida. Nor did the claimant show that he is otherwise within the ambit of section 112.-18(1), and the statutory presumption should not have been applied in this case.
*587The order appealed is reversed and the cause remanded.
SMITH, J., concurs.
ERVIN, J., concurs with opinion in which SMITH, J., concurs.